FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

2009 JAN 23  P 2: 57

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

MARTIUS HARDING                          *

    v.                                   *
                                         *       CIVIL ACTION NO. RDB-07-1608
UNITED STATES OF AMERICA                 *
                                         *

*     *     *     *     *     *     *     *     *     *     *     *     *

UNITED STATES OF AMERICA                 *

    v.                                   *       CRIMINAL ACTION NO. RDB-05-0231

MARTIUS HARDING                          *

                                         *

## MEMORANDUM OPINION

On June 18, 2007, Martius Harding ("Harding"), a federal prison inmate, filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Harding challenges his conviction for conspiracy to distribute and possess with intent to distribute crack cocaine and the subsequent sentence he received on June 20, 2006. Harding's challenge is based upon his claims that he received ineffective assistance of counsel and that his sentence was unreasonable. The government has filed an opposition and no hearing is necessary to decide this matter. *See* Local Rule 105.6 (D. Md. 2008). For the reasons set forth below, this Court will, by separate Order, deny Harding's motion.

## BACKGROUND

During 2003 thru 2006, a broad investigation into narcotics trafficking and violence was conducted by the Bureau of Alcohol, Tobacco, Firearms and Explosives, the Drug Enforcement Administration, the Baltimore Police Department and the United States Attorney General's

Office. After several mid to low level street dealers were arrested, Harding was identified as a source of crack cocaine in the area of North and Braddish Avenues. On May 20, 2005, a two-count indictment was returned against Harding for drug trafficking charges. Harding was arrested on May 23, 2005, and on August 3, 2005, he entered a guilty plea to Count One of the indictment for conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine. At Harding's sentence hearing on June 16, 2006, this Court imposed a sentence of 84 months of imprisonment, a fine of $10,000, and a four year period of supervised release. Finally, on September 10, 2008, this Court reduced Harding's sentence from 84 months to 72 months pursuant to 18 U.S.C. § 3582(c)(2).

### DISCUSSION

I.      Ineffective Assistance of Counsel

Harding claims that his guilty plea was involuntary and unintelligent due to his counsel's alleged failure: (1) to investigate petitioner's criminal history and correct errors in the pre-sentencing investigation report; (2) to inform petitioner of the difference between cocaine base and crack cocaine; (3) to move for a motion to suppress evidence obtained during a traffic stop; (4) to file a motion for discovery in regards to the government's non-disclosure of material information in violation of *Brady* and/or *Giglio*; and (5) to properly inform petitioner of the relevant facts and elements pertaining to the conspiracy charge.

In *Strickland v. Washington*, the Supreme Court established a framework for addressing ineffective assistance of counsel claims. 466 U.S. 668, 687 (1984). First, the defendant must show that counsel's performance was not "within the range of competence normally demanded of attorneys in criminal cases. *Id.* Such a determination must be examined from the counsel's

2

perspective at the time in question and is accompanied by a strong presumption that counsel's conduct was competent. *Id.* at 689-90. Under the second prong of *Strickland*, the petitioner must first show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different; meaning, there must be a probability sufficient to undermine confidence in the outcome. *Id.* at 694. Second, petitioner must establish that the "result of the proceeding was fundamentally unfair or unreliable" as a result of counsel's ineffectiveness throughout the defense. *Lockart v. Fretwell*, 506 U.S. 364, 369 (1993). Lastly, when a defendant challenges a conviction entered as a result of a guilty plea, the second prong of *Strickland* requires a showing that there is a reasonable probability that, but for counsel's errors, the defendant would not have plead guilty. *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988).

     A.     Counsel's alleged failure to investigate petitioner's criminal history and correct errors in the pre-sentencing investigation report

Harding claims that his counsel failed to investigate his criminal history and correct errors in the Presentence Report ("PSR") resulting in a higher sentencing guideline range. However, the record is clear that his counsel objected to the calculation of points assigned to Harding's criminal history and was successful in persuading this Court to enter a downward departure to a Criminal History Category III. (Tr. of Sentencing 19-22). Moreover, for purposes of arriving at a fair sentence, Harding was afforded an opportunity to review the content of the PSR for any inaccuracies. *See Farmer v. United States*, 737 F. Supp. 884, 889 (D. Md. 1990) ("[f]or purposes of arriving at a fair sentence, it is sufficient that Defendant was afforded a contemporaneous opportunity to review the content of the pre-sentence report and controvert or object to any perceived inaccuracies."). Harding's assumption that a more thorough evaluation

on the part of his counsel is without merit; the mere possibility that the result would have been different does not support an ineffective assistance of counsel claim. *Hoots v. Allsbrook*, 785 F.2d 1214, 1221 (4th Cir. 1986).

      B.    Counsel's alleged failure to inform petitioner of the difference between cocaine base and crack cocaine

Harding knowingly and voluntarily entered into the plea agreement and stipulated to the facts during the guilty plea. Specifically, Harding pled guilty to Count One of the indictment which expressly references a "detectable amount of cocaine base, commonly called 'crack'" and Harding stipulated to the facts as set forth by the government during the guilty plea, which included the fact that the petitioner either converted or had another conspirator convert the drug. (Tr. of Guilty Plea at 25-27 and Plea Agreement at 5). In *United States v. Lemaster*, the court held that "a defendant's solemn declarations in open court affirming [a plea] agreement . . . carry a strong presumption of verity." 403 F.3d 216, 220-221 (4th Cir. 2005) (internal quotation omitted). Such a presumption presents a formidable barrier in any subsequent collateral proceedings. *Id.* As a result of Harding's affirmation of the contents of the plea agreement and the facts therein, any claim of ineffective assistance of counsel in explaining the relationship between crack and powder cocaine is without merit.

      C.    Counsel's alleged failure to move for a motion to suppress evidence obtained during a traffic stop

In entering into the plea agreement, Harding made a knowing and intelligent decision to plead guilty and not litigate a motion to suppress. As noted in a memorandum attached to Harding's motion, Harding and his counsel discussed the possibility of a motion to suppress and the likelihood of its success. Moreover, during Harding's guilty plea, he confirmed for this Court

4

that his counsel had "discussed every option available to us" and that he understood that by entering a guilty plea he was waiving all the rights associated with trial. (Tr. of Guilty Plea at 7, 24). Therefore, Harding may not claim ineffective assistance of counsel after making a fully advised decision to plead guilty, thereby terminating his option to file a motion to suppress.

      D.    Counsel's alleged failure to file a motion for discovery with regard to the government's non-disclosure of material information constituted a Brady/Giglio violation

Harding asserts that his guilty plea was the result of his counsel's failure to seek, and the government's failure to provide, *Brady* and *Giglio* material. In *Brady v. Maryland*, the Court held that the government is under a continuing obligation to disclose to the defense information that tends to mitigate the defendant's guilt. 373 U.S. 83 (1963). Furthermore, under *Giglio v. United States*, the government must produce for trial all information under its control that could be used to impeach a government witness. 405 U.S. 150 (1972).

There is no *Brady* violation in this case because the government did not possess any information that tended to exculpate Harding. Furthermore, the duty imposed on the government by *Giglio* only applies when a defendant has elected to go forward with a trial. Harding even admits, in a memorandum attached to his motion, that he was informed by his counsel that he could only obtain such information if he proceeded to trial. In this case, Harding pled guilty and therefore any information that the government would have disclosed at trial is irrelevant and as such cannot provide a basis for ineffective representation of counsel.

      E.    Counsel's alleged failure to properly inform petitioner of the relevant facts and elements pertaining to the "conspiracy" charge

Harding contends that this Court, in conducting the plea hearing, failed to properly question and determine his understanding of the charged offenses, in violation of Rule 11 of the

Federal Rules of Criminal Procedure. In addition, he claims that his plea was entered

unintelligently and involuntarily because his counsel "never explained what the charge [of

conspiracy] entailed." However the record again contradicts these claims, as confirmed by the

following colloquy:

> THE COURT: The charge to which you're pleading guilty in terms of the
> elements, do you understand that you're pleading guilty to conspiracy to distribute
> and possess with intent to distribute 50 grams or more of cocaine base in violation
> of 21 United States Code, Section 846 and that the essential elements of this
> offense are, one, that you did combine, conspire, confederate and agree with at
> least one other person to distribute and possess with the intent to distribute
> cocaine base . . . . Secondly, that you knowingly and intentionally became a
> member of the conspiracy. Do you understand the specific elements of the crime
> to which you're entering a plea of guilty, Mr. Harding?
>
> THE DEFENDANT: Yes.

(Tr. of Guilty Plea at 24-25). In addition, Harding affirmed that he had the occasion to properly

review the charges and discuss the available options with counsel:

> THE COURT: And have you had the occasion to review these charges with your
> attorney, Mr. Rosenberg.
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Have you discussed the whole situation with him including witnesses you
> might want to call and the possibility of a trial and even an appeal if you were found
> guilty in this case?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Are you fully satisfied with Mr. Rosenberg and his representation and the
> advice which he's given you?
>
> THE DEFENDANT: Absolutely.
>
> THE COURT: Tell me in your own words, sir, why you're satisfied with his
> representation?
>
> THE DEFENDANT: I'm satisfied because I feel that Mr. Rosenberg has explained to me
> what my options are with respect to this case and has fully, you know, laid out to me
> what can possibly happen, you know, what I can expect, you know, and we've discussed

every option available to us. And he's made extremely clear every option available to us, well to me.

(Tr. of Guilty Plea at 6-7.) The record therefore shows that Harding was aware of the conspiracy charge, received the assistance of competent counsel, and voluntarily and knowingly entered into the plea agreement with the government.

## II.    Unreasonable Sentence

Harding argues that he received an unreasonable sentence in that it was "inconsistent with the spirit of the *Booker* decision and with the factors set forth in 18 U.S.C. § 3553(a)" given the sentencing court's reliance on the 100:1 crack cocaine to powder cocaine ratio set forth under 21 U.S.C. § 841(b)(1)(A). At his original sentencing, this Court properly considered Harding's Criminal History Category III status and other relevant factors under 18 U.S.C. § 3553(a). (Tr. of Sentencing at 29). In addition, on September 10, 2008, this Court granted Harding's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), based upon the retroactive application of Amendment No. 706 to the United States Sentencing Guidelines for crack offenses. As a result, Harding's sentence of imprisonment was reduced from 84 months to 72 months. This recent reduction renders Harding's challenge to the unreasonableness of his sentence moot.

In conclusion, Harding's claims of ineffective assistance of counsel and unreasonable sentence are without merit and his Motion to Vacate, Set Aside or Correct Sentence will be DENIED. A separate Order follows.

January 23, 2009

Richard D. Bennett
United States District Judge